UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ANGELICA WALKER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 24-677 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 10, 11 |
| | : | | |
| 2100 2nd ST SW, LLC *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING PLAINTIFF'S MOTION TO REMAND

**I. INTRODUCTION**

Plaintiff Angelica Walker, proceeding *pro se*, sued Defendants 2100 2nd Street SW LLC, d.b.a. Riverpoint ("2100 LLC"), and Thomas Wilbur in D.C. Superior Court alleging common-law breach of contract and violations of the D.C. Consumer Protection Act and D.C. Housing Code related to Walker's tenancy in Defendants' Washington, D.C. property. Defendants removed this case from Superior Court to this Court and then filed a motion to dismiss. Walker filed a motion to remand, challenging this Court's jurisdiction. As explained in greater detail below, because Defendants are citizens of the District of Columbia—where this suit was initially filed—this Court lacks diversity jurisdiction to hear this case. Accordingly, the Court grants Walker's motion for remand and, consequently, does not reach Defendants' motion to dismiss.

**II. FACTUAL BACKGROUND**

Angelica Walker, a former tenant of 2100 LLC at RiverPoint Apartments, filed suit against 2100 LLC and Thomas Wilbur in the Superior Court for the District of Columbia. *See generally* Compl., ECF No. 1-1. She seeks $250,000 for claims arising from alleged common-law breach of contract and violations of the D.C. Consumer Protection Act and D.C. Housing

Code related to her tenancy at RiverPoint Apartments.  *See id.* at 5, 12–13.[1]  Defendant Wilbur is a member of 2100 LLC.  *See* Not. of Removal, ECF No. 1 ¶ 13.

Walker served Wilbur and 2100 LLC by sending two envelopes via USPS certified mail, one addressed to Wilbur and the other to 2100 LLC, each containing a copy of the Summons, Complaint, and the Notice of Remote Initial Scheduling Conference, along with a copy of D.C. Superior Court Civil Form 1-A, Notice and Acknowledgment of Service.  *See id.* ¶ 4; *see also* Ex. A, Pl.'s Mot. to Remand at 6, ECF No. 11-1.  Plaintiff sent the envelopes to Wilbur's registered place of business, where a front desk employee signed for the envelopes and Wilbur received them on or about February 13th, 2024.  *See* Not. of Removal ¶ 4; Ex. A, Pl.'s Mot. to Remand at 4.

Defendants removed this action from the Superior Court for the District of Columbia, where it was pending, to this Court pursuant to the Court's 28 U.S.C. § 1332(a) diversity jurisdiction.  *See* Not. of Removal ¶¶ 6, 9.  Defendants argue that there is complete diversity in this case and note that Plaintiff Walker seeks damages of more than $75,000.  *See id.* ¶¶ 9–17; *see also* Compl. at 14.  According to her complaint, Walker's address was 14202 Wolf Creek Place, Apt. 6, Silver Spring, MD 20906.  *See* Compl. at 2.  When Walker filed her complaint, Wilbur was a resident and citizen of Washington, D.C.  *See* Decl. of Thomas Wilbur ¶ 1, Ex. 5, Not. of Removal, ECF No. 1-5.  Defendant 2100 LLC is a Delaware limited liability company registered as a foreign limited liability company with the District of Columbia, and through its member, Wilbur, 2100 LLC is also a citizen of the District of Columbia.  *See id.* ¶¶ 1, 3.  Under what is commonly referred to as the "forum defendant rule," "[a] civil action otherwise

---

[1] Plaintiff's Complaint repeats paragraph numbers and does not include page numbers, so the Court refers to the electronically generated ECF page numbers when referencing the complaint.

removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see Doe v. Daversa Partners*, No. 20-cv-3759, 2021 WL 736734, at *3 (D.D.C. Feb. 25, 2021). Although both Defendants admit they are citizens of the District of Columbia in which Plaintiff's action was originally brought, they argue that the forum defendant rule does not prohibit removal here because neither Wilbur nor 2100 LLC was "properly joined and served," and, therefore, that they can remove this case. *See* Not. of Removal ¶¶ 18–27.

After removing the case from D.C. Superior Court, Defendant filed a motion to dismiss. *See generally* Defs.' Mot. to Dismiss, ECF No. 10. Walker timely filed a motion to remand, challenging this Court's jurisdiction and Defendants' characterization of the propriety of service. *See generally* Pl.'s Mot. to Remand ("Mot. to Remand"), ECF No. 11. Defendants oppose Plaintiff's motion to remand and urge dismissal. *See generally* Defs.' Mem. of P. & A. in Opp'n to Mot. to Remand ("Defs.' Opp'n to Remand"), ECF No. 12.

### III.  LEGAL STANDARD

Defendants "in a civil action brought in state court may remove the action to a federal district court if the action is one over which the federal district courts have original jurisdiction"—including diversity jurisdiction. *Wells Fargo Bank, N.A. v. Wilson*, No. 18-cv-2381, 2019 WL 340717, at *1 (D.D.C. Jan. 28, 2019). The Superior Court for the District of Columbia is considered a state court for this purpose. *See* 28 U.S.C. § 1451(1). Federal courts may exercise diversity jurisdiction over civil cases where the matter in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. § 1332(a)(1). But removal

3

based on diversity jurisdiction is not permitted where one of the defendants "properly joined and served" is a citizen of the state where the action is brought. 28 U.S.C. § 1441(b)(2).

Cases removed "improvidently" must be remanded to state court. *See Wells Fargo Bank, N.A. v. Grenadier*, No. 22-cv-3433, 2024 WL 1050359, at *2 (D.D.C. Mar. 8, 2024). Courts construe their removal jurisdiction narrowly, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941), and courts in this circuit "favor[] remand where the propriety of removal is unclear," *see Newman v. Reese*, No. 13-cv-1969, 2014 WL 2808117, at *1 (D.D.C. June 20, 2014) (citation omitted). The D.C. Circuit has explained, "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case." *Republic of Venez. v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002).

## IV. ANALYSIS

Walker makes two arguments in favor of remand. First, she argues that this Court lacks subject matter jurisdiction because she is a citizen of Washington, D.C., meaning that the case lacks complete diversity. *See* Mot. to Remand at 5, 9. Second, Walker argues that her method of service was proper under D.C. Superior Court Rule 4(c)(4) and Defendants are citizens of the District of Columbia—meaning that Defendants cannot utilize diversity jurisdiction. *See id.* at 6–7, 10–11. For their part, Wilbur and 2201 LLC respond that this Court has subject matter jurisdiction because (1) Plaintiff is a citizen of Maryland, not Washington, D.C., *see* Defs.' Opp'n to Remand at 2–6, and (2) Plaintiff's service was improper, and because they were not properly served Defendant's argue they can utilize the Court's diversity jurisdiction even as citizens of D.C., *see id.* at 7–8.

4

As explained below, although the Court agrees with Defendants that Walker is a Maryland citizen for the purposes of diversity jurisdiction—so there is complete diversity in this case—the Court concludes that Defendant Wilbur is a D.C. resident, that he was properly served, and that Defendants cannot utilize the Court's diversity jurisdiction because of the forum defendant rule.  *See* 28 U.S.C. § 1441(b)(2).

### A.  Complete Diversity Under 28 U.S.C. § 1332(a)

Diversity jurisdiction requires "complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007).  It is a "well-established rule" that in order for an action to proceed pursuant to the Court's diversity jurisdiction, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  Additionally, the party seeking the exercise of diversity jurisdiction "bears the burden of pleading the citizenship of each and every party to the action." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983).  "For purposes of diversity jurisdiction, a person is a 'citizen of the State' in which he is domiciled." *Core VCT Plc v. Hensley*, 59 F. Supp. 3d 123, 125 (D.D.C. 2014) (citing *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984)); *see also* 28 U.S.C. § 1332(e) (noting that the District of Columbia is considered a "State" for purposes of diversity jurisdiction).  "A person's '[d]omicile is determined by two factors: physical presence in a state, and intent to remain there for an unspecified or indefinite period of time.'" *Hensley*, 59 F. Supp. 3d at 125 (quoting *Prakash*, 727 F.2d at 1180).

Defendants assert that Walker is a citizen of Maryland because when she filed her Complaint Walker's address was 14202 Wolf Creek Place, Apt. 6, Silver Spring, MD 20906.  *See* Not. of Removal ¶¶ 10, 15; Defs.' Opp'n to Remand at 2–6.  In response, Walker argues that

5

Case 1:24-cv-00677-RC   Document 14   Filed 08/20/24   Page 6 of 13

her domicile is in Washington, D.C. because she "maintained a place of abode within the District almost all of last year before being forced to move out by the Defendants," *see* Mot. to Remand at 5, in addition to "paying taxes there, living there, [and] intending to be buried there," *see* Ex. B, Mot. to Remand at 8. Therefore, Walker says, her "address in Maryland . . . is completely irrelevant to this case." Mot. to Remand at 5.

A person's "physical presence" is one of two factors determining her domicile, *see Hensley*, 59 F. Supp. 3d at 125, and Walker does not offer any evidence to support her claim that she is currently "living [in the District]" rather than at her Maryland address, *see* Ex. B, Mot. to Remand at 8. Indeed, Walker admits in her Complaint that she is a "*former* longtime resident" of the District. Compl. at 6 (emphasis added). "The place where a [person] lives is properly taken to be [her] domicile until facts adduced establish the contrary," *D.C. v. Murphy*, 314 U.S. 441, 455 (1941), and Walker's residency in the state of Maryland supports Defendants' initial burden of pleading her citizenship there.

Walker attempts to rebut this argument by claiming that her Maryland address is "temporary." *See* Mot. to Remand at 5. It is true that, although "residency is indicative of domicile," it is not necessarily "determinative" where indicia indicate the contrary. *Naegele v. Albers*, 355 F. Supp. 2d 129, 134 (D.D.C. 2005); *United States v. Williams*, 825 F. Supp. 2d 117, 124 (D.D.C. 2011) (explaining that residence is "[t]he act or fact of living in a given place for some time, while domicile is a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere" (citation omitted)). The question of where a party "inten[ds] to remain . . . for an unspecified or indefinite period of time" is a second factor in assessing that party's domicile. *See Hensley*, 59 F. Supp. 3d at 125. While a sworn statement of domiciliary intent is probative, it is not dispositive, *see*

*Hensley*, 59 F. Supp. 3d at 127, and a person's domiciliary intent "must be supported by evidence," *see Washington Square Ltd. P'ship, R.L.L.P. v. Lenzo*, No. 05-cv-2420, 2006 WL 8460553, at *3 (D.D.C. Sept. 20, 2006). While Walker may not intend to remain in Maryland permanently, she appears to intend to remain at least for an *unspecified* and *indefinite* amount of time, and she describes no plans to return to the District beyond "intending to be buried there." *See* Ex. B, Mot. to Remand.[2]

To bolster her case, Walker argues that she pays taxes in the District, *see id.*, and that she is domiciled in the District because she is a "statutory resident" of it pursuant to local tax laws, *see* Mot. to Remand at 4; D.C. Code Ann. § 47-1801.04(42) (West) ("'Resident' means . . . [any] individual who maintains a place of abode within the District for an aggregate of 183 days or more during the taxable year, whether or not the individual is domiciled in the District."). The D.C. Code makes clear that statutory residency is a separate issue from where one is domiciled. *See* D.C. Code Ann. § 47-1801.04(42). That said, where a party pays taxes can play a role in the analysis of a party's domicile. *See, e.g.*, *Washington Square Ltd. P'ship, R.L.L.P.*, 2006 WL 8460553, at *4 (finding domicile where plaintiff paid taxes on their home). Walker, however, provides no information about what taxes she has paid in the District. In fact, in an unrelated case filed by Walker against the Embassy of Sweden, Walker attested that she was unemployed, had gross pay and wages of zero over the previous twelve months (and thus no income taxes to

---

[2] The Court observes that Walker signs her affidavit in support of her District of Columbia citizenship from her Maryland address. *See* Ex. B, Mot. to Remand. And Walker has recently litigated before other courts in this jurisdiction from her Maryland address. *See, e.g., Walker v. Embassy of Sweden et al.*, No. 23-cv-1892, ECF No. 22 (D.D.C. Oct. 11, 2023); *see also Walker v. National Property Board et al.*, No. 24-cv-336, ECF No. 1 (D.D.C. Feb. 5, 2024) (plaintiff's husband litigating from address in Maryland).

7

be paid), and "own[ed] nothing of value" in the District.  *See Walker v. Embassy of Sweden, et al.*, No. 23-cv-1892*,* ECF No. 32 at 1–2 (D.D.C. Apr. 15, 2024).

When "a party expressly declares [her domiciliary] intent, and the opposing written submissions do not demonstrate the falsity of the declaration with reasonable certainty . . . the court cannot rest its decision simply on the paper record, but must hold [an evidentiary] hearing in order to adequately assess credibility." *Prakash*, 727 F.2d at 1180.  Here, Walker's affidavit declares nothing more than that she intends to be buried in the District of Columbia.  *See generally* Ex. B., Mot. to Remand.  Even if Walker's declaration of intent is considered credible, she has merely "proffered unsupported allegations" and supplied none of the "generally accepted indicia of domiciliary status" such as home ownership, ownership of personal property, or income tax payments to rebut Defendants' assertion that she is a Maryland citizen.  *See Naegele*, 355 F. Supp. 2d at 135 (citation omitted); *see also Murphy*, 314 U.S. at 456 ("One's testimony with regard to [her] intention is of course to be given full and fair consideration, but is subject to the infirmity of any self-serving declaration, and may frequently lack persuasiveness or even be contradicted or negatived by other declarations and inconsistent acts.").  Where, as here, the declarant "has presented no credible evidence" to support her sworn domicile, an evidentiary hearing to assess her credibility would be "futile."  *See Williams v. Washington Post Co.*, No. 89-cv-3256, 1990 WL 129440, at *4 (D.D.C. Aug. 23, 1990); *c.f. Middleton v. Pratt*, No. 21-cv-2301, 2022 WL 3910551, at *6 (D.D.C. Aug. 31, 2022) (finding that "conclusory and unspecific" assertions about diversity were insufficient to challenge jurisdiction).  Because Walker moved to Maryland, absent more, her intent to return to be buried in the District of Columbia does not undermine the fact that she intends to remain in Maryland for an unspecified and indefinite period of time.  *See Murphy*, 314 U.S. at 456 ("A mere sentimental attachment

8

will not hold the old domicile."). Accordingly, the Court concludes that Walker is a citizen of Maryland.

The other side of the citizenship ledger is simple because the parties agree as to the citizenship of Defendants. When Walker filed her complaint, Wilbur was a resident and citizen of the District of Columbia. S*ee* Decl. of Thomas Wilbur, ¶ 1. Whereas individuals are residents of only one state, "[u]nincorporated associations, including LLCs, have the citizenship of each of their members." *CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016). Defendant 2100 LLC, as a Delaware limited liability company, is a Delaware citizen as well as a citizen of the District of Columbia through its member, Wilbur. *See id.* ¶¶ 1, 3–4.

For purposes of removal, therefore, Walker is a citizen of Maryland, 2100 LLC is a citizen of the District of Columbia, and Wilbur is a citizen of the District of Columbia, and there is complete diversity of citizenship between Plaintiff and Defendants. The amount in controversy in this case also exceeds $75,000. *See* Compl. at 14; *see also* 28 U.S.C. § 1332(a)(1) (providing that district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" when the action "is between . . . citizens of different states"). But finding complete diversity does not conclude the Court's analysis here because a "civil action otherwise removable solely on the basis of" the Court's diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)(b)(2).

### B. Removal is Improper under the Forum-Defendant Rule

Under the forum-defendant rule, removal based on diversity jurisdiction is not available where one of the defendants "properly joined and served" is a citizen of the state where the

action is brought.  28 U.S.C. § 1441(b)(2).  Defendants admit they are citizens of the District of Columbia, the "state" in which Walker originally brought her suit.  *See* Not. of Removal ¶ 20.  Defendants argue, however, that the forum-defendant rule does not preclude them from removing this case because neither defendant was "properly joined and served."  *See id.* ¶ 21.  They argue that Walker failed to properly serve both Defendants by neglecting to submit proof that either signed and returned the Notice and Acknowledgment form "pursuant to D.C. Superior Court Rule 4(c)(4)."  *See id.* ¶¶ 22–25.  In response, Walker argues that her method of service was proper under D.C. Superior Court Rule 4(c)(4) and that Defendants inaccurately cite to D.C. Superior Court Rule 4(c)(5).  *See* Mot. to Remand at 6–7, 10–11.  Walker is correct.

D.C. Superior Court Rule 4(c)(4) provides, in relevant part, that defendants "may be served by mailing a copy of the summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties at the time of filing to the person to be served by *registered or certified mail*, return receipt requested."  D.C. Super. Ct. R. Civ. P. 4(c)(4) (emphasis added).  Walker served Wilbur in that manner: Wilbur admits that Walker sent him an envelope via USPS certified mail containing a copy of the Summons, Complaint, and a Notice of Remote Initial Scheduling Conference, in addition to a Notice and Acknowledgment Form.  *See* Not. of Removal ¶ 4; *see also* Ex. A, Mot. to Remand.

Defendants' argument that Walker's service was deficient appears to stem from their reliance on an outdated version of D.C. Superior Court Rule 4 and associated case law, revised in 2017.[3]  In that revision, the first-class mail "Rule 4(c)(4)" to which Defendants cite was reindexed to Rule 4(c)(5).  Under the current rules, D.C. Superior Court Rule 4(c)(4) refers to the

---

[3] *See* Rule Promulgation Order 17-02, *Amending Super. Ct. Civ. R. 1 to 86-I*, https://www.dccourts.gov/sites/default/files/Rule-Promulgation-Order%2017-02-AmendingCivilRules1to86-I.pdf.

certified mail method by which Walker effectuated service. While D.C. Superior Court Rule 4(c)(5)—using first class mail—requires that a plaintiff obtain a signed and returned Notice and Acknowledgment form to perfect service, *see* D.C. Super. Ct. R. Civ. P. 4(c)(5); *Jefferson v. Am. Home Mortg. Servicing, Inc.*, No. 12-cv-911, 2012 WL 12905306, at *1 (D.D.C. Oct. 11, 2012), D.C. Superior Court Rule 4(c)(4)—the certified mail method used by Walker—does not require a signed and returned notice, *see* D.C. Super. Ct. R. Civ. P. 4(c)(4). Here, Walker opted for the certified mail option; hence, contrary to Defendant's argument, it is irrelevant whether they signed and returned a Notice and Acknowledgement form.

In their opposition to Walker's motion to remand, Defendants make an unpersuasive fallback argument. Defendants argue that regardless of whether Walker accomplished service under D.C. Superior Court Rule 4(c)(4) or 4(c)(5), her service could not have been perfected until she submitted an affidavit of proof of service in D.C. Superior Court. *See* Defs.' Opp'n to Remand at 8. Defendants assert that because Plaintiff did not file an affidavit of service until March 10, 2024, two days after Defendants filed their Notice of Removal on March 8, 2024, the forum defendant rule does not apply because neither Defendant was properly joined and served prior to removal. *See id.*

However, the sole authority upon which Defendants rely relates only to the old D.C. Superior Court Rule 4(c)(4)—the current version of which is D.C. Superior Court Rule 4(c)(5)—and does not bear on the certified mail method utilized by Walker under the current iteration of D.C. Superior Court Rule 4(c)(4). *See Jefferson*, 2012 WL 12905306, at *1. Although the D.C. Superior Court Rules of Civil Procedure require proof of service "unless service is acknowledged," *see* D.C. Super. Ct. R. Civ. P. 4(l)(1), "failure to prove service does not affect the validity of service," *see* D.C. Super. Ct. R. Civ. P. 4(l)(3); *see also* D.C. Super. Ct. R. Civ. P.

11

5-I(c); *Alexander v. Polinger Co.*, 496 A.2d 267, 268 (D.C. 1985) (recognizing distinction between "insufficient proof of service" and "invalid service"). Under Superior Court Civil Rule 4(c)(4) service by certified mail is accomplished when the required documents are delivered to, and signed by, the defendant by means of "registered or certified mail, return receipt requested." D.C. Super. Ct. R. Civ. P. 4(c)(4). On its face, the rule does not require that Walker file an affidavit to complete the service process. *See id.*; *see also Powell v. Batipps*, 2011 D.C. Super. LEXIS 15, 10 (D.C. 2011) (explaining that "when certified mail is used" for service, "service is accomplished when the return receipt is signed and dated noting receipt").

Wilbur admits having received the summons and complaint at his address and does not dispute notice. *See* Not. of Removal ¶¶ 4–5. Wilbur does not contest the validity of the signed and dated certified mail receipt, *see* Ex. A, Mot. to Remand, nor do Defendants challenge the substantive adequacy of Plaintiff's proof of service, only its timing, *see* Defs.' Opp'n to Remand at 8. Regardless of the time she filed her affidavits of proof of service, Walker validly served Wilbur pursuant to D.C. Superior Court Rule 4(c)(4) before Defendants removed this case. Accordingly, Defendant's cannot utilize this Court's diversity jurisdiction because of the forum defendant rule.

Separately, Defendants argue that Walker's service on 2100 LLC was defective because she mailed 2100 LLC's service package to Wilbur, who is not authorized to accept service on behalf of 2100 LLC. *See* Not. of Removal ¶ 26; Decl. of Thomas Wilbur ¶¶ 9–10, Ex. 5, Not. of Removal; *see also* Business Registration, Ex. 6, Not. of Removal, ECF No. 1-6. For the purposes of removal here, however, the validity of service on 2100 LLC is irrelevant. The forum-defendant rule "bars removal if *any* of the defendants in interest are . . . properly joined and served and citizens of the state in which the action is brought." *Doe*, 2021 WL 736734, at *3

(emphasis added); 28 U.S. Code § 1441(b)(2).  Because at least one of the forum Defendants was properly joined and served by Walker—here, Wilbur—removal based on diversity jurisdiction is improper under the forum-defendant rule regardless of whether 2100 LLC was properly joined and served.

There is no out-of-state defendant here, *see* Not. of Removal ¶ 20, and this Court follows the "uniformly accepted" principle that a defendant properly sued and served in their home state cannot remove if federal jurisdiction rests on diversity of citizenship.  *See Newman*, 2014 WL 2808117, at *2.  Therefore, the Court concludes that removal was improper under 28 U.S.C. § 1441(b).[4]

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this case (ECF No. 11) is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 20, 2024                                          RUDOLPH CONTRERAS
                                                                               United States District Judge

---

[4] Because the Court remands this case to Superior Court, it does not reach Defendants' motion to dismiss.  But the Court notes that in their motion to dismiss, Defendants have not moved to dismiss on the basis of improper service, thus, perhaps waiving that argument.  Fed. R. Civ. P. 12(h).